IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
J.W. COLEY,                        )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    1:11cv00986
                                   )
UNITED STATES POSTAL SERVICE,      )
                                   )
          Defendant.               )
```

**MEMORANDUM ORDER**

Plaintiff J.W. Coley ("Coley") seeks recovery for the loss of a package he sent to China via the Priority Mail International Service of Defendant United States Postal Service ("USPS"). Before the court is USPS's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted and, alternatively, motion for summary judgment. (Doc. 9.) Coley has filed a response. (Doc. 13.) For the reasons set forth below, the court finds that Coley has failed to exhaust his administrative remedies, and the complaint will be dismissed without prejudice.

**I.   BACKGROUND**

On November 29, 2010, Coley mailed a small package (containing two Fluke 189 Multimeters) by Priority Mail International Service from the Manor Station Post Office in Winston-Salem, North Carolina, to an individual at the Guizhou

University in Guizhou, China. He paid $47.25 in postage and purchased separate postal insurance in the amount of $9.40, insuring the value of the package at $640. Coley completed all necessary paperwork to purchase the insurance.

The package was picked up from the Winston-Salem USPS facility on November 29, 2010. The parties disagree as to what the evidence reveals as to whether the package was, in fact, delivered. USPS contends that on February 10, 2011, it sent Coley a letter from its International Inquiry Center informing him that the package was delivered on or about January 26, 2011. Coley contends that the package was never delivered.

It is not disputed that on February 16, 2011, Coley submitted a Domestic or International Claim, PS Form 1000, contending that the package was not delivered. USPS responded on April 7, 2011, notifying Coley that its records indicated the package was delivered as addressed and that he could appeal the denial of his claim in writing within 60 days.

On or about May 3, 2011, Coley sent a letter appealing the denial of his claim. USPS responded by letter dated May 24, 2011, upholding the decision to deny the claim and notifying Coley that he could appeal the decision in writing within 60 days to the Vice President and Consumer Advocate of USPS International Claims (whose address was provided). USPS has no record of any further appeal, and Coley does not contend that he

2

filed any.  Instead, Coley filed the present lawsuit in the General Court of Justice, District Court Division – Small Claims, in Forsyth County, North Carolina, on November 2, 2011, alleging that USPS owed him $640 for non-payment on his insurance claim for an undelivered package.  (Doc. 4 (Complaint).)  USPS removed the action to this court on November 15, 2011.  (Doc. 1.)

USPS now moves to dismiss the complaint on several grounds. First, it moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground the court lacks subject matter jurisdiction.  Second, it moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Finally, and alternatively, it moves for summary judgment pursuant to Rule 56 on the ground there is no genuine dispute of material fact and it is entitled to judgment as a matter of law.

**II. ANALYSIS**

USPS's initial contention is that this court lacks authority to decide Coley's complaint because Coley has failed to exhaust his administrative remedies.  Once a defendant raises a court's potential lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving that the court has authority to proceed. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166

F.3d 642, 647 (4th Cir. 1999). On a motion challenging the court's subject matter jurisdiction, the court may look at evidence outside the pleadings, including affidavits, to resolve any jurisdictional fact issue. Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). The court must determine whether it has subject matter jurisdiction over an action before proceeding any further. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005).

The legal framework for analyzing Coley's claim has been well set out in Gelbfish v. U.S. Postal Serv., 51 F. Supp. 2d 252, 254 (E.D.N.Y. 1999):

> The USPS is liable only to the extent that it agrees to be liable. Frank Mastoloni & Sons, Inc. v. United States Postal Service, 546 F. Supp., 415, 419 (S.D.N.Y. 1982) (citation omitted). The extent to which the USPS agrees to be liable is identified in the postal laws and regulations, in this case the Domestic Mail Manual ("DMM") which regulates registered mail. The DMM is issued pursuant to the USPS's power to adopt regulations, 39 U.S.C. § 401, and is incorporated by reference into the Code of Federal Regulations. 39 C.F.R. § 111.4. Because the DMM is incorporated by reference into the Code of Federal Regulations, it is deemed published in the Federal Register, 39 C.F.R. § 111.1, and a plaintiff is presumed to have notice of the DMM's contents. Mastoloni, 546 F. Supp. at 419 n.4 (citing 44 U.S.C. § 1507). See also Ridgway Hatcheries, Inc. v. United States, 13 Ohio Misc. 253, 278 F. Supp. 441, 443 (N.D. Ohio 1968) (finding that parties who purchased postal insurance were deemed to have notice of postal insurance regulations published pursuant to Federal Register Act).

4

In this case, the pertinent regulations are contained not in the DMM but, since this is an international post, in the International Mail Manual ("IMM") and are incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 20.1. As noted, these postal insurance regulations are promulgated pursuant to statutory authority and have the force and effect of law. Ridgway Hatcheries, 278 F. Supp. at 443. Because the terms of postal indemnity are published as regulations of the USPS, traditional doctrines of contract law do not apply to postal insurance and indemnity coverage. Id.

Various provisions of the IMM describe the process a claimant must pursue to make an administrative claim for indemnity. It is not disputed that Coley followed the proper procedures for the filing of his claim and for his appeal of USPS's April 7, 2011, ruling against him. However, when that appeal was denied, USPS informed him (Doc. 10, Ex. 9), as the IMM requires (IMM § 931.32), that he appeal that decision to the Vice President & Consumer Advocate (Doc. Ex. 9). Coley did not do that but instead filed the present action. His failure to do so means he did not exhaust his administrative remedies.

Coley argues that USPS is unnecessarily making a federal case out of his simple small claims action and that any further appeal would have been fruitless "when the details are being ignored or possibly due to other reasons." (Doc. 13 at 3.)

5

However, Coley overlooks the fact that USPS is not generally liable for loss or negligent transmission of mail. Ridgway Hatcheries, 278 F. Supp. at 442. He obtained insurance for his package subject to the terms, conditions, and law by which USPS agreed to be sued. Part and parcel of that is the requirement that a claimant exhaust his administrative remedies provided by regulation before initiating legal action. Simat USA, Inc. v. U.S. Postal Serv., 218 F. Supp. 2d 365, 368 (S.D.N.Y. 2002); Gelbfish, 51 F. Supp. 2d at 254; Djordjevic v. Postmaster General, 911 F. Supp. 72, 75-76 (E.D.N.Y. 1995).

Coley has no other basis for proceeding. Because USPS is part of the federal government, Coley's action is in reality a suit against the United States and is barred by sovereign immunity except to the extent the government has consented to be sued in the regulations. Djordjevic, 911 F. Supp. at 74. USPS's motion to dismiss for lack of jurisdiction will therefore be granted, but the dismissal will be without prejudice to the re-filing of the action in the event Coley is able to successfully exhaust his administrative remedies. The court expresses no view as to whether Coley is able to do so at this time.

Having determined that the court is without jurisdiction to adjudicate Coley's claim, the court need not consider USPS's remaining arguments.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that USPS's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 9) is GRANTED, and the complaint will be DISMISSED WITHOUT PREJUDICE.

                                       /s/   Thomas D. Schroeder
                                     United States District Judge

June 10, 2013